[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULINGS ON PLAINTIFF'S MOTION TO MODIFY ALIMONY AND DEFENDANT'SMOTION FOR CONTEMPT
The plaintiff moves to modify alimony, dated June 3, 1994.
The defendant moves to have plaintiff found in contempt, dated June 28, 1994.
The court, after hearing the parties and the witnesses on both motions, examining the exhibits and applying the application statutes, finds:
As to plaintiff's Motion to Modify, that Judgment in this matter was enter (Reicher, J.) on August 5, 1993.
That, the court does not find that there has been or is such a substantial change in the financial circumstances of the parties to warrant a modification in the award of alimony set out in the Judgment.
The court notes that the plaintiff is one of the owners of the business in which he is employed. That he has the authority to determine the amount of and payment of his salary. That he [the] plaintiff's claim of a substantial reduction in this business of his corporation may be true but is not reflected in his life style. The court is not convinced that his income has been reduced as indicated in his exhibits or shown on his financial affidavit.
As to defendant's Motion for Contempt and attorney's fees, the court finds that the plaintiff has failed to pay the alimony ordered for a period of three weeks prior to the hearing date. That the plaintiff claims this was because of the motion for modification and the assumption that a reduction would be ordered at which time he would bring his payments up to date. CT Page 9479
Thus, there is a violation and plaintiff is in contempt, however, the court does not find that this amounts to a wilful disregard of the court's order.
Further, the court finds that the defendant's claim of an additional arrearage of $7,500.00 was in fact a credit due to the plaintiff resulting from the sale of the parties residence wherein the defendant agreed that any financial obligation due from the plaintiff to the defendant were to be reduced at the rate of $750.00 per month for a period of ten months amounting to $7,500.0[0] out of plaintiff's share of the proceeds of the sale of the residence.
Therefore, the court finds that the plaintiff is in technical contempt and he is ordered to pay any arrearage due to the defendant.
Further, the court finds that the plaintiff's Motion for Modification is not warranted and denies that motion.
JULIUS J. KREMSKI STATE TRIAL REFEREE